

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
AIKEN DIVISION**

| | |
|---|---|
| KERWIN S. PARKER, § | |
|     Petitioner, § | |
| § | |
| vs. § | |
| § | Civil Action No. 1:23-0251-MGL |
| WARDEN, GOODMAN CORRECTIONAL § | |
| INSTITUTION, § | |
|     Respondent. § | |

## ORDER REFERRING CASE BACK TO MAGISTRATE JUDGE

Petitioner Kerwin S. Parker brought this action under 28 U.S.C. § 2254 against Respondent Warden, Goodman Correctional Institution (Warden).

This matter is before the Court for review of the Report and Recommendation (Report) of the United States Magistrate Judge recommending the Court dismiss this action with prejudice for failure to prosecute. The Report was made in accordance with 28 U.S.C. § 636 and Local Civil Rule 73.02 for the District of South Carolina.

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270 (1976). The Court is charged with making a de novo determination of those portions of the Report to which specific objection is made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

The Magistrate Judge filed the Report on August 3, 2023. Parker objected on August 30, 2023, and Warden replied on September 20, 2023.

The Report is correct that Parker missed several deadlines in this matter. Parker's objections, however, explain he has failed to receive his legal mail in a timely fashion.

"A dismissal with prejudice is a harsh sanction which should not be invoked lightly in view of the sound public policy of deciding cases on their merits." *Davis v. Williams*, 588 F.2d 69, 70 (4th Cir. 1978) (internal quotation marks omitted). In determining whether to dismiss a case with prejudice for failure to prosecute, the Court must consider:

> (1) the degree of personal responsibility on the part of the plaintiff; (2) the amount of prejudice to the defendant caused by the delay; (3) the presence or absence of a drawn out history of deliberately proceeding in a dilatory fashion; and (4) the effectiveness of sanctions less drastic than dismissal.

*Id.* (internal quotation marks omitted)

Assuming Parker's receipt of his legal mail was delayed, he lacks personal responsibility for his missed deadlines. Thus, the first factor weighs in Parker's favor.

And, this case, which Parker commenced in January 2023, is relatively new. Moreover, the Magistrate Judge granted Warden two extensions of time to respond to Parker's petition. In fact, the amount of time between service and Warden filing the motion for summary judgment is approximately the same amount of time that motion has remained pending. Thus, the Court determines Warden has experienced no prejudice from the limited delay, and the second factor weighs in Parker's favor as well.

For similar reasons, there is an absence of a "drawn out history" of dilatory conduct, and the third factor weighs in Parker's favor, too.

Finally, as to the fourth factor, the Court determines sanctions are unnecessary at this time.

Taking all those factors into consideration, because it appears Parker stands ready to pursue this matter, the Court will sustain his objection and allow the case to proceed. Parker shall respond to Warden's motion for summary judgment no later than November 3, 2023.

The Court warns Parker that future missed deadlines may result in dismissal with prejudice.

After a thorough review of the Report and the record in this case under the standard set forth above, the Court sustains the objections. Accordingly, this case is **REFERRED BACK** to the Magistrate Judge for a Report and Recommendation on the pending motion for summary judgment and any other matters.

**IT IS SO ORDERED**.

Signed this 4th day of October 2023, in Columbia, South Carolina.

s/ Mary Geiger Lewis
MARY GEIGER LEWIS
UNITED STATES DISTRICT JUDGE

\*\*\*\*\*
**NOTICE OF RIGHT TO APPEAL**

The parties are hereby notified of the right to appeal this Order within thirty days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.