

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
AIKEN DIVISION

| | | |
|---|---|---|
| KERWIN S. PARKER,<br>   Petitioner, | §<br>§<br>§ | |
| vs. | §<br>§ | Civil Action No. 1:23-251-MGL |
| | §<br>§ | |
| WARDEN, GOODMAN CORRECTIONAL<br>INSTITUTION,<br>   Respondent. | §<br>§<br>§ | |

**ORDER ADOPTING THE REPORT AND RECOMMENDATION,
GRANTING RESPONDENT'S MOTION FOR SUMMARY JUDGMENT,
AND DISMISSING PETITION WITH PREJUDICE**

  Petitioner Kerwin S. Parker (Parker) filed a petition for habeas corpus under 28 U.S.C. § 2254 against Respondent Warden, Goodman Correctional Institution (Warden).

  This matter is before the Court for review of the Report and Recommendation (Report) of the United States Magistrate Judge recommending the Court grant Warden's motion for summary judgment and dismiss Parker's petition with prejudice. The Report was made in accordance with 28 U.S.C. § 636 and Local Civil Rule 73.02 for the District of South Carolina.

  The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270 (1976). The Court is charged with making a de novo determination of those portions of the Report to which specific objection is made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

The Magistrate Judge filed the Report on January 10, 2024. The Clerk's Office docketed Parker's objections on January 24, 2024. Warden replied on February 21, 2024.

For the most part, Parker makes nothing more than non-specific objections to the Report or objections that fail to impact the Court's determination. Nevertheless, in an abundance of caution, the Court has teased out several arguments, which it will briefly address below. Moreover, it has reviewed the Report and the record de novo and found no error.

Parker objects to the Magistrate Judge's determination he has failed to overcome the procedural bar as to his first ground for relief, there was insufficient evidence for a rational jury to find him guilty of assault and battery with intent to kill (ABWIK) beyond a reasonable doubt. He contends he has shown cause and prejudice for his default.

As the Report explained, this Court may consider claims the petitioner failed to present to the state courts in limited circumstances. The petitioner must show either sufficient cause for failure to raise the claim and actual prejudice resulting from the failure, or a "fundamental miscarriage of justice" has occurred. *Coleman v. Thompson*, 501 U.S. 722, 750 (1991).

Absent a showing of "cause," it is unnecessary for the court to consider "actual prejudice." *Turner v. Jabe*, 58 F.3d 924, 931 (4th Cir. 1995). Moreover, to show actual prejudice, the petitioner must demonstrate more than plain error. *United States v. Frady*, 456 U.S. 152, 166 (1982). Instead, "he must shoulder the burden of showing, not merely that the errors at his trial created a *possibility* of prejudice, but that they worked to his *actual* and substantial disadvantage, infecting his entire trial with error of constitutional dimensions." *Id.* at 170.

As the Magistrate Judge explained, based on the facts presented at trial, there is sufficient evidence to support Parker's ABWIK conviction. Although Parker points to certain evidence he argues is in his favor, the Court must consider the evidence as a whole. Taking into account all

2

the evidence the jury considered, the Court is unable to determine there existed any errors at trial that "worked to [Parker's] *actual* and substantial disadvantage." *Id.*

He has therefore failed to show prejudice. And, he failed to argue a fundamental miscarriage of justice occurred. The Court will therefore overrule this objection.

Next, Parker objects to the Magistrate Judge's determination of procedural default as to his second ground for relief, because he contends the state court erroneously determined his arguments were unpreserved.

In his second ground, Parker contends the trial court erred by issuing a jury instruction stating an implication of malice may arise from the use of a deadly weapon. As explained in the Report, after his trial but before his sentencing, the South Carolina Supreme Court issued its opinion in *State v. Belcher*, 685 S.E. 2d 802 (S.C. 2009). *Belcher* held instructions like the one given at Parker's trial were no longer good law in South Carolina where evidence is presented that would "reduce, mitigate, excuse, or justify" the homicide. *Id.* at 809.

*Belcher* also held "[b]ecause our decision represents a clear break from our modern precedent, today's ruling is effective in this case and for all cases which are pending on direct review or not yet final where the issue is preserved" but "will not apply to convictions challenged on post-conviction relief." *Id.* at 810 (citations omitted).

Parker contends his case was nonfinal when *Belcher* was decided because he had yet to be sentenced. But, the finality of his case is a non-issue because the state court failed to rest its denial of his *Belcher* arguments on whether his case was final. Instead, the state court determined he had neglected to preserve the issue for appeal because he failed to object at the trial. Although the South Carolina Supreme Court was unable to expect counsel to be clairvoyant, it placed this

3

limitation to curb any upheaval caused by the *Belcher* decision. The Court is unable to disturb the state court's determination on this issue.

The Court will thus overrule this objection, as well.

Parker contends his third, fourth, fifth, six, and seventh grounds for relief, which raise ineffective assistance of counsel claims, should survive under *Martinez v. Ryan*, 566 U.S. 1, 16–17 (2012).

Under *Martinez*, in "narrow" circumstances, a prisoner may establish cause for procedural default where his PCR counsel was constitutionally ineffective in failing to raise and exhaust a claim of "ineffective assistance of trial counsel" where the State "effectively requires a defendant to bring that claim in state postconviction proceedings rather than on direct appeal." *Davila v. Davis*, 582 U.S. 521, 524–25 (2017) (citing *Martinez*, 566 U.S. 1).

But, as the Magistrate Judge explained, Parker fails to demonstrate his claims have merit, so he is unable to show actual prejudice. Parker neglects to raise specific qualms with the Magistrate Judge's thorough analysis regarding the merit of these claims. Thus, the Court need not repeat it here. As such, the Court will also overrule this objection.

After a thorough review of the Report and the record in this case under the standard set forth above, the Court overrules the objections, adopts the Report, and incorporates it herein. Therefore, it is the judgment of the Court Warden's motion for summary judgment is **GRANTED** and Parker's petition is **DISMISSED WITH PREJUDICE**.

To the extent Parker seeks a certificate of appealability, that request is **DENIED**.

4

**IT IS SO ORDERED.**

Signed this 12th day of March 2024, in Columbia, South Carolina.

s/ Mary Geiger Lewis
MARY GEIGER LEWIS
UNITED STATES DISTRICT JUDGE

*****
**NOTICE OF RIGHT TO APPEAL**

The parties are hereby notified of the right to appeal this Order within thirty days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.